UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:** (IN CHAMBERS) - MOTION TO DISMISS (Dkt. 32, filed on June 11, 2025)

## I. INTRODUCTION

On September 9, 2024, plaintiff Suzuyo America Inc. ("plaintiff") filed its complaint against defendants Year-Round Enterprises, Inc. ("Year-Round") and McClays Logistics USA LLC ("McClays"), and Does 1-10 (collectively, "defendants") alleging one claim for relief for violation of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (Carmack Amendment"). Dkt. 1 ("Compl."). On May 9, 2025, McClays filed a motion to dismiss the Complaint. Dkt. 24.

On May 28, 2025, plaintiff filed a first amended complaint against defendants alleging three claims for relief: (1) violation of the Carmack Amendment; (2) negligence; and (3) breach of contract. Dkt. 27 ("FAC"). Following the filing of plaintiff's FAC, McClays withdrew its motion to dismiss.

On June 11, 2025, McClays filed the instant motion to dismiss the FAC.[1] Dkt. 32 ("Mot."). The same day, McClays filed its request for judicial notice and declaration with exhibits for which its requests judicial notice. Dkt. 33 ("RJN"); Dkt. 34 ("Decl."). On June 23, 2025, plaintiff filed its opposition. Dkt. 36 ("Opp."). On June 20, 2025 McClays filed its reply. Dkt. 38 ("Reply").

---

[1] On June 4, 2025 Year-Round filed a crossclaim against McClays. Dkt. 30. The parties stipulated to extend McClays' time to reply to the crossclaim, most recently extending the due date to July 17, 2025. Dkt. 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL         'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

On July 14, 2025, the Court held a hearing. Following the hearing, the same day, counsel for McClays filed a supplemental declaration including additional authority. Dkt. 43. On July 16, 2025, counsel for McClays submitted a brief on additional relevant authority. Dkt. 45.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiff alleges that it is the American arm of a Japanese logistics company conducting logistics and shipping work in the United States and elsewhere. FAC ¶ 8. Plaintiff claims that in 2023, non-party Enkei American Inc. and Enkei Corporation (collectively "Enkei") contracted with plaintiff to transport high-precision lathe machines from Japan to Enkei's facility in Columbus, Indiana. Id. ¶ 9. Plaintiff alleges that the machines were sent to the Port of Los Angeles and arrived in January 2024, newly manufactured and in good condition. Id.

Plaintiff alleges that in or about January 2024, it contracted with McClays to transport the shipping containers from the Port of Los Angeles to Columbus, Indiana. Id. ¶ 10. Plaintiff claims that when it contracted with McClays, its representatives "specifically advised McClays's representatives as to the dimensions of the machinery being shipped." Id. ¶ 11. Further, plaintiff alleges that "[b]ecause of the height of the machinery … McClays would have to use a freight truck with a low-bed chassis to ship them," and "[i]f McClays used a different kind of truck other than a low-bed chassis to ship these items, McClays would be unable to clear certain freeway overpasses." Id.

Plaintiff alleges that on or about January 18, 2024, McClays subcontracted with Year-Round to ship the containers to Indiana. Id. ¶ 12. According to plaintiff, "[d]efendants each had an independent legal duty to ensure that any goods or containers were safely shipped," including by measuring the height, ensuring the truck with the containers was not too tall, and planning a route that would allow for safe transportation. Id. ¶ 13. Plaintiff claims that McClays failed to advise Year-Round that it would have to use a freight truck with a low-bed chassis to safely ship the containers due to their height. Id. ¶ 14. In the alternative, plaintiff alleges that it is informed and believes that McClays did advise Year-Round of this warning, but that Year-Round disregarded the instructions. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

    Plaintiff claims that it is informed and believes that Year-Round failed to measure the containers and failed to measure a route permitting the trucks to clear all overpasses on the trip from the Port of Los Angeles to Indiana. Id. ¶¶ 15-16. According to plaintiff, on or about January 23, 2024, "Year-Round's driver collided into an overpass on the northbound I-710 in Long Beach, CA, causing a massive traffic jam." Id. ¶ 17.

    Plaintiff alleges that Year-Round did not use the proper transportation techniques and failed to obtain an oversize permit from local authorities to transport the shipment. Id. para

## III.    LEGAL STANDARD

    A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

### A. Carmack Amendment Claim

First, McClays argues that the Carmack Amendment "generally preempts 'state-law causes of action that a shipper might pursue against a carrier for lost or damaged goods.'" Mot. at 3 (quoting REI Transp., Inc. v. C.H. Robinson Worldwide, Inc., 519 F.3d 693, 697 (7th Cir. 2008)). A Carmack Amendment claim, McClays argues, may not be brought against a freight broker. Id. McClays argues that it is, and always has been, a freight broker and never a motor carrier, and thus the Carmack Amendment claim against it should be dismissed because the Carmack Amendment does not apply to freight brokers. Id. at 4.

In opposition, plaintiff argues that the distinction between carrier and broker is important though also unclear, and that further factual development may reveal that an entity served a certain role for a particular transaction. Opp. at 2-3. Plaintiff argues that a company's status is not based on its own self-definition, rather on how it represents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

itself to the world and its relationship to the shipper. Id. at 3. Indeed, plaintiff contends, a company can be a carrier even if it did not transport the goods, but instead subcontracted out its responsibility for the shipment. Id. Accordingly, plaintiff argues that the inquiry is so inherently factual in nature that it is not well suited to decision on a 12(b)(6) motion. Id. at 3-4. In this case, plaintiff argues, it has properly alleged that McClays is an interstate carrier of goods and that it took custody of plaintiff's shipment, thus it is at least plausible that McClays would fall into the category of carrier under the Carmack Amendment based on its pleading. Id. at 4. Plaintiff argues that McClays licensing as a freight broker on the Federal Motor Carrier Safety Administration ("FMCSA") website does not determine the roles and relationships among the parties for the purposes of this question. Id.

In reply, McClays argues it is indisputably a broker rather than a carrier, as demonstrated by its FMCSA license. Reply at 1. McClays argues that plaintiff cannot rely on an unsupported assertion that McClays was an interstate carrier of goods, when its DOT registration number shows it was a freight broker. Id. McClays contends that plaintiff should not be allowed to plead that McClays is both a broker and a carrier to avoid preemption, because one company cannot be both in the same transaction. Id. at 2. McClays argues that plaintiff's contention that the Carmack Amendment claim is pled in the alternative fails even if permissible because each claim incorporates by reference all prior paragraphs, and sharing one set of alleged facts is improper for claims pled in the alternative. Id. at 3. Accordingly, McClays argues, the claim should be dismissed.

The Court concludes that the question of whether McClays is properly considered a broker or a carrier for Carmack Amendment purposes is a factual question better decided on a more robust evidentiary record. Here, McClays requests judicial notice of the fact that it is licensed as a broker and the fact that its co-defendant Year-Round is licensed as a carrier. RJN at 2-3. The Court concludes that though judicial notice of public records is proper pursuant to Federal Rule of Evidence 201, judicial notice of defendants' licenses does not alter the result of this motion. Rather the Court is required to look to whether McClays was acting as a carrier or broker in this specific transaction, and though its licensing may later serve as evidence of its role, it is not determinative on that question at this stage. See e.g., Buchanan v. Neighbors Van Lines, No. 10-cv-6206-PSG-RCx, 2011 WL 5005769, at *6 (C.D. Cal. Oct. 20, 2011) (citing Chubb Group of Ins. Cos. v. H.A. Transp. Sys., Inc., 243 F.Supp.2d 1064, 1068-69 (C.D. Cal. 2002) (finding that though the parties acknowledged that the defendant was a licensed property

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

broker, the Court had to first determine whether the defendant was acting as a carrier or broker in the relevant transaction)); KLS Air Express, Inc. v. Cheetah Transp. LLC, No. CIV. S-05-2593-FCD-DAD, 2007 WL 2428294, at *4 (E.D. Cal. Aug. 23, 2007) (finding that licensing as broker did not resolve the question of whether a company was to be considered a broker or a carrier for a particular transaction on a motion for summary judgment). The Court therefore finds that this presents a question of fact not properly decided on a motion to dismiss.

### B. Preemption

McClays argues that both plaintiff's negligence and breach of contract claims are preempted by the Federal Aviation Authorization Administration Act (the "FAAAA"). Mot at 4. According to McClays, interstate commerce as well as the flow of goods is a federal issue, which Congress sought to regulate by enacting the FAAAA. Id. at 5. McClays argues that Congress later enacted the Interstate Commerce Commission Termination Act (the "ICCTA") "to include preemption of claims not only against motor carriers but also against transportation brokers in particular." Id. McClays argues that the FAAAA preempts state common law claims relating to the services provided by a federally licensed freight broker, related to the transportation of property, unless there is only "a tenuous, remote, or peripheral connection to such service." Id. at 5-6. McClays contends that "courts across the country have uniformly and consistently found that the FAAAA preempts all extra-contractual claims against brokers, including cargo owners' claims for loss or damage based on common law negligence are federally preempted." Id. at 6.

In opposition, plaintiff argues its state law claims are not preempted because while the Carmack Amendment preempts all state common law claims against carriers to whom it applies, most courts hold that brokers can be held liable under state or contract law. Opp. at 5. Plaintiff contends that "if McClays' arguments were correct, the upshot would be that shipping brokers enjoy special immunity from liability regardless of their alleged role in causing a shipper's loss," which is not the state of the law. Id.

In reply, McClays concedes that courts are divided on whether tort-based claims against brokers are preempted by the FAAAA, and notes that two lines of cases have developed. Reply at 4-5. According to McClays, "[c]ourts finding that negligence claims advanced against a freight broker are preempted have more faithfully adhered to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

the complex Congressional statutory regime and the analysis as laid down by Rowe [v. N.H. Motor Transp. Ass'n, 552 U.S. 364 (2008)]." Id. at 5.

    1.    <u>Negligence Claim</u>

McClays argues that plaintiff's negligence claim is preempted and that the Ninth Circuit's decision in <u>Miller v. C.H. Robinson Worldwide, Inc.</u>, 976 F.3d 1025 (9th Cir. 2020) does not change that result. Mot. at 8. <u>Miller</u>, McClays argues, held that negligence claims against freight brokers were related to the brokers' services, thus the FAAAA applied, and a divided panel held that the safety exception of the FAAA applied to common law tort claims regarding personal injury to motorists. Id. at 8-9. McClays contends that the safety exception discussed in <u>Miller</u> does not apply to cases, like this one, which do not involve personal injury. Id. at 9. Additionally, McClays argues, <u>Miller</u> relied on the safety exception in the statutory section which applies only to motor carriers of property, and not the section that applies to "'freight forwarders and brokers,'" which does not contain a safety exception. Id., n.2 (quoting 49 U.S.C. § 14501(b)). McClays argues that courts outside of this Circuit and California state courts have, in similar contexts, not applied <u>Miller</u> and found that preemption was appropriate. Id. at 9-10.

Plaintiff argues that McClays is incorrect about its interpretation of the key cases about a negligence claim and preemption in this context. Opp. at 5. Plaintiff argues that the key holding of <u>Miller</u> is that "'negligence claims against brokers, to the extent that they arise out of motor vehicle accidents, have the requisite "connection with" motor vehicles [such that] the safety exception applies[.]'" Id. (quoting <u>Miller</u>, 976 F.3d at 103). Because the negligence claim against McClays, who claims to be a broker, arises out of a motor vehicle accident, plaintiff argues, the safety exception clearly applies, should McClays be considered a broker. Id. at 6.

In reply, McClays argues that <u>Miller</u>'s holding "is fundamentally flawed" and has been rejected by subsequent Circuit and district courts addressing the question, thus plaintiff is wrong to rely on it. Reply at 5. McClays argues that because the statute contains an express preemption clause, the <u>Miller</u> court erred in applying a presumption against preemption and that "[w]hen the plain language of the statute is considered, it is clear that the safety regulatory exception does not apply to brokers or broker services," because the statute does not define "motor vehicles" to include brokers. Id. at 6. McClays argues that "[t]he exclusion of brokers from the safety regulatory exception is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

even more significant when compared to their inclusion in the express preemption provision of § 14501(c)(1)" because if Congress intended to include brokers in the safety exception it would have done so. Id. at 7.

Additionally, McClays argues it has cited cases involving personal injury arising out of accident where courts held that the safety exception did not apply. Id. at 9. McClays contends that "[b]ecause there is no direct link between claims against brokers and motor vehicle safety, the safety regulatory exception does not apply here." Id. at 10. According to McClays accepting plaintiff's argument would undermine the federal interest in uniformity and in deregulating the interstate trucking industry. Id.

The Court concludes that the Ninth Circuit's holding in Miller applies to this case and that, accordingly, plaintiff's negligence claim is not preempted because it falls under the safety exception to the FAAAA. In Miller, the Ninth Circuit determined that a state law negligence claim was "'related to a price, route, or service of [a] motor carrier …, broker, or freight forwarder with respect to the transportation of property,'" and thus was preempted under the FAAAA. Miller, 976 F.3d at 1022 (quoting 49 U.S.C. § 14501(c)). Miller went on to hold that the negligence claim nonetheless survived, pursuant to the safety exception to the FAAAA, because the safety exception has been construed broadly, and thus "[w]ith that background in mind, and in light of the purposes of the FAAAA in general and the safety exception in particular," the Ninth Circuit concluded that "'the safety regulatory authority of a State' encompasses common-law tort claims." Id. at 1026. Further, the Ninth Circuit held that negligence claims brought against brokers which arise from motor vehicle accidents are properly considered claims "with respect to motor vehicles" as required by the language of the safety exception, and therefore are not preempted. Id. at 1030.

The instant case presents a negligence claim arising from a motor vehicle accident. The Court concludes that this case is therefore governed by Miller. Though McClays contends that this case is distinct because it does not involve personal injury, mot. at 9, the Court finds that Miller's holding encompasses all negligence claims arising from motor vehicle accidents and plaintiff has plainly alleged that a motor vehicle accident gives rise to its claim here. Miller, 976 F.3d at 1031. McClays relies primarily on Aspen Am. Ins. Co. v. Landstar Ranger, Inc., 65 F.4th 1261 (11th Cir. 2023) and Ye v. GlobalTranz Enters., Inc., 74 F.4th 453, 464 (7th Cir. 2023), cert. denied, 144 S. Ct. 564 (2024) to argue that Miller should not apply. In Ye the Seventh Circuit disagreed with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

Miller and held that a negligent hiring claim against a broker was preempted.[2] Ye, 74 F.4th at 464, cert. denied, 144 S. Ct. 564 (2024). Ye noted that, at the time of the decision, the Ninth Circuit was the only circuit to find that the safety exception applied to a negligence claim, and it disagreed with Miller's reasoning. Id. at 464-465. Instead, Ye found Aspen persuasive, despite the distinct context of negligent hiring resulting in theft rather than accident in which Aspen arose. Id. at 464. Ye found that the Ninth Circuit had "unduly emphasized Congress's stated deregulatory purpose in passing the Act at the expense of the insights that come from an analysis of the broader statutory scheme"; that the Ninth Circuit had incorrectly applied a presumption against preemption; and that the Ninth Circuit found that the phrase "with respect to" in the exception means "relating to," when a more apt synonym is "concerns." Id. at 465. Though the Court acknowledges that the parties in Miller seemingly did not raise whether application of a presumption against preemption is proper in the context of the FAAAA, that was but one aspect of the Court's reasoning in Miller and does not change the fact that Miller remains good law.[3] Accordingly, this Court remains bound by Miller and finds that plaintiff's negligence

---

[2] Aspen found the same, though Aspen was based on negligent hiring by a broker of a carrier who turned out to be a thief, and thus the Court concludes that the cases are not analogous since the negligence at issue in Aspen did not have to do with a motor vehicle accident. Aspen, 65 F.4th at 1264. Because a negligence claim arising from a motor vehicle accident is at issue here and was the basis of the Ninth Circuit's holding in Miller, the Court does not analyze Aspen as it finds the facts do not implicate safety and the safety exception in the same manner. At oral argument, counsel for McClays argued that a subsequent Eleventh Circuit case, Gauthier v. Hard to Stop LLC, 2024 WL 3338944 (11th Cir. 2024), expanded Aspen's holding to motor vehicle accident cases. The Court concludes that the present case remains distinct because, in contrast to Aspen, Gauthier, and Ye, the negligence claim in this case arises from the alleged negligent failure to provide instructions necessary to transport goods safely, rather than from negligent hiring.

[3] The Court finds that though McClays argues that in R.J. Reynolds Tobacco the Ninth Circuit found Miller's reasoning "to be flawed in multiple respects," this is a mischaracterization of R.J. Reynolds Tobacco, which mentioned Miller by way of dicta in a footnote. R.J. Reynolds Tobacco Co. v. Cnty. of Los Angeles, 29 F.4th 542, 553 (9th Cir. 2022). Further, McClays agreed at oral argument that Miller remains the law in this Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

claim is not preempted by the FAAAA because it falls under the FAAAA's safety exception.

    2.    Breach of Contract Claim

McClays argues that ordinary breach of contract claims against freight brokers are generally not preempted by the FAAAA, but that "this does not extend to negligence or other tort-based claims couched as breach of contract claims." Mot. at 11. McClays argues that because plaintiff's breach of contract claim is based on an allegation that McClays breached contractual obligations by failing to coordinate properly with Year-Round, the claim "is nothing more than a negligence claim related to [McClays] services as a freight broker in the guise of a breach of contract claim and is preempted." Id. at 12.

In opposition, plaintiff argues that one of the cases on which McClays relies for the proposition that plaintiff's negligence claim is preempted holds that plaintiff's breach of contract claim is not preempted. Opp. at 7. Plaintiff contends that preemption does not apply where a breach of contract claim is based on contractual obligations a carrier undertakes, rather than those imposed by the state. Id. Further, plaintiff argues that "[i]n the absence of any on-point authority for the proposition that the FAAAA preempts [plaintiff's] contractual claim, McClays merely asserts in a circular fashion that [plaintiff's] contractual claim is actually a negligence claim," when it is not. Id. Plaintiff argues that McClays promised to arrange for the delivery of valuable cargo and did not do so, and now fails to argue any basis for plaintiff's claim being implausible. Id. at 8.

In reply, McClays restates that the breach of contract claim "is nothing more than a negligence claim 'dressed' like a breach of contract claim" and is thus preempted. Reply at 1.

The Court concludes that ordinarily, breach of contract claims are not considered preempted by the FAAAA. Cf., California Trucking Ass'n v. Su, 903 F.3d 953, 962 (9th Cir. 2018). In this case, McClays does not argue that a regular breach of contract claim would be preempted, rather it argues that plaintiff's breach claim is merely a disguised negligence claim. Having found that the negligence claim is not preempted, even if the breach of contract claim were such a disguised claim, it would not be preempted.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-07689-CAS-SSCx | Date | July 17, 2025 |
|---|---|---|---|
| Title | Suzuyo America, Inc. v. Year-Round Enterprises, Inc. et al | | |

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** McClays' motion to dismiss.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |